# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES GRAND JURY,<br>      Plaintiffs,<br> vs.<br>LAWRENCE E. KAHN,<br>      Defendant. | Case No. 3:19-mc-00031-TMB |

## ORDER OF DISMISSAL

On September 16, 2019, a pleading was filed by an individual only identified as "Grand Jury Foreman Unified United States Common Law Grand Jury."[1] The Court takes judicial notice that this pleading seems to filed by the same person or entity who filed Case No. 3:19-mc-29-TMB.[2] The pleading appears to either have been filed or attempted to be filed in the United States District Court for the Northern District of New York. The pleading's "cover sheet" is titled "Grand Jury Indictment for Concealment" and states "We the People – Against – Lawrence E. Kahn." Again, the pleading is not signed by an identifiable individual and only listed as "Grand Jury Foreman" and leaves only a post office box as an address. Neither a filing fee, nor an application to proceed *in forma pauperis*.

---

[1] Docket 1.

[2] *United States Grand Jury v. United States Supreme Court, et al*; Case No. 3:19-mc-29-TMB was dismissed for lack of subject matter jurisdiction.

The "Common Law Indictment" alleges criminal actions for "unlawfully dismissing the People's Common Law proceeding," "unlawfully ordering a writ of mandamus to be stricken from the record," and "unlawfully ordering that the Common Law Grand Jury not file any additional papers without prior permission."[3] The Court takes judicial notice that Judge Lawrence E. Kahn is a Senior United States District Judge for the Northern District of New York.[4] The "Common Law Indictment" seeks to punish or harass Judge Kahn for a decision with which the unknown party or parties disagrees.

The Court does not accept "indictments" from private parties or entities. As explained in the Court's prior order in Case No. 3:19-mc-29-TMB, private citizens do not have standing or the ability to bring criminal charges against other citizens

---

[3] Docket 1 at 3-4.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014).

or entities.[5] Only a court may convene a grand jury.[6] An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and *must be signed by an attorney for the government*."[7] An extra-judicial grand jury cannot issue indictments to an Article III court. Accordingly, indictments from a "common law grand jury" cannot be accepted by this Court. Therefore, the "Common Law Indictment" must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Court **DISMISSES** the action with prejudice, because the Court cannot accept indictments from a private individual or entity.

2. The unknown party or parties have submitted a "Common Law Indictment" at Docket 1. This is a filing by an unidentified, self-represented litigant. The Clerk of Court is directed to indicate this is a filing by a self-represented litigant by placing a watermark on the filing stating: "VOID: THIS IS NOT A

---

[5] *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Van Dyck*, 866 F.3d 1130, 1133 (9th Cir. 2017); 1 Rev. Stat. 88 § 810 (1875) ("No grand jury shall be summoned to attend any circuit or district court unless one of the judges of such circuit court, or the judge of such district, in his own discretion, or upon a notification by the district attorney that such jury will be needed, orders a venue to issue therefor. And either of the said courts may in term order a grand jury to be summoned at such time, and to serve such time as it may direct, whenever, in its judgment, it may be proper to do so."); *see generally Reynolds v. United States*, 98 U.S. 145 (1878); Fed. R. Crim. P. 6(a)(1) ("When the public interest so requires, the court must order that one or more grand juries be summoned.").

[6] Fed. R. Crim. P. 6(a)(1).

[7] Fed. R. Crim. P. 7(c)(1).

3:19-mc-00031-TMB, *United States Grand Jury. v. Kahn.*
Order of Dismissal
Page 3 of 4
Case 3:19-mc-00031-TMB   Document 2   Filed 10/21/19   Page 3 of 4

VALID CRIMINAL INDICTMENT. IT IS A FILING BY A SELF-REPRESENTED LITIGANT."

3. The Clerk of Court is directed to enter a final judgment accordingly.

DATED at Anchorage, Alaska, this 21st day of October, 2019.

/s/ *Timothy M. Burgess*
TIMOTHY BURGESS
UNITED STATES DISTRICT JUDGE